UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CASCADIA WILDLANDS, *an Oregon non-profit organization*; OREGON WILD, *an Oregon non-profit organization*; and UMPQUA WATERSHEDS, *an Oregon non-profit organization*, | Case No. 6:24-cv-01641-MTK **OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, *a federal agency*, | |
| Defendant, | |
| v. | |
| AMERICAN FOREST RESOURCE COUNCIL; ASSOCIATION OF O&C COUNTIES, | |
| Intervenor-Defendants. | |

**KASUBHAI,** United States District Judge:

Defendant U.S. Bureau of Land Management ("BLM") and Defendant-Intervenors American Forest Resource Council and Association of O&C Counties (collectively, "Defendants") move for reconsideration of this Court's Opinion and Order granting Plaintiffs' Motion for Summary Judgment and vacating BLM's Environmental Assessment ("EA"), Finding of No Significant Impact ("FONSI"), and associated Decision Records ("DRs"). For the reasons discussed below, Defendants' motions are denied.

Page 1 — OPINION AND ORDER

**BACKGROUND**

Plaintiffs filed this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, challenging BLM's approval of the Blue and Gold Harvest Plan ("Blue and Gold Plan" or "Plan"). ECF Nos. 1, 7. Plaintiffs alleged that BLM's Blue and Gold Plan violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*, and the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. §§ 302 *et seq.*, by failing to adequately consider the presence of old-growth forests in the Plan Area. Plaintiffs, Defendants, and Defendant-Intervenors subsequently filed cross-motions for summary judgment. ECF Nos. 27, 29, 32. As a remedy, Plaintiffs asked the Court to "[v]acate and set aside the EA, FONSI, and DR for the Blue and Gold Project, and order BLM to withdraw any decisions or contracts made pursuant to any associated [DRs.]" First Am. Compl. 46, ECF No. 7.

Plaintiffs' Motion for Summary Judgment noted that "[v]acatur is the presumptive remedy under the APA for violations of NEPA" and that "BLM bears the burden to determine that vacatur should not result." Pls.' Mot. 35, ECF No. 27. Plaintiffs argued that BLM's errors were serious and that the Court should apply the presumptive remedy of vacatur. *Id.*

Defendant BLM's Motion for Summary Judgment requested "further briefing and proceedings regarding an appropriate remedy" and argued that "[a]ny errors in the agency's analysis may prove inconsequential and . . . the disruptive consequences of vacatur are likely significant." Def.'s Cross-Mot. 49-50, ECF No. 29. Defendant-Intervenors made no arguments about the appropriate remedy. *See* Def.-Intervenors' Cross-Mot., ECF No. 32.

On May 14, 2026, this Court issued an Opinion and Order granting in part and denying in part Plaintiffs' Motion for Summary Judgment. Op. & Order, ECF No. 72 ("Opinion"). As relevant here, this Court found that BLM violated FLPMA by failing to demonstrate its compliance with binding Resource Management Plan ("RMP") guidance that directs BLM to

Page 2 — OPINION AND ORDER

retain trees greater than or equal to 40" diameter at breast height ("DBH") that were established prior to 1850. *Id.* at 5. Further, the Court found that BLM violated NEPA by failing to provide a "convincing statement of reasons" as to why the potential effects of the Blue and Gold Plan on old-growth trees are insignificant. *Id.* at 27, 30. In accordance with the APA's presumptive remedy, this Court "vacate[d] the Blue and Gold Project EA, FONSI, and associated [DR], and remand[ed] to BLM to comply with FLPMA and NEPA." *Id.* at 30-31.

On May 22, 2026, Defendants moved for reconsideration of the Court's Opinion and Order and associated Judgment. ECF Nos. 75, 77.

## STANDARDS

A district court may reconsider and amend a previous order under Fed. R. Civ. P. 59(e). A motion for reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Reconsideration is appropriate in only a narrow set of circumstances where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Similarly, a court may grant relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Page 3 — OPINION AND ORDER

Fed. R. Civ. P. 60(b).

## DISCUSSION

Defendants argue that this Court erred by failing to (1) address the Supreme Court's analysis in *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168 (2025), and (2) balance the seriousness of BLM's error with the "disruptive consequences of an interim change." *Cal. Cmtys. Against Toxics v. U.S. Env't Prot. Agency*, 688 F.3d 989, 992 (9th Cir. 2012) (quotations and citation omitted). Plaintiffs respond that (1) *Seven County* does not alter the presumptive remedy of vacatur for NEPA and APA violations, and (2) the balance between BLM's error and the disruptive consequences of this remedy favor vacatur. Pls.' Resp., ECF No. 83. The Court addresses these issues in turn.

## I.     *Seven County* Deference

As the Court acknowledged in its Opinion, Defendant BLM is entitled to "substantial deference." Op. & Order 29 (citing *Seven Cnty.*, 605 U.S. at 183). Still, agency choices must fall within the "broad zone of reasonableness." *Seven Cnty.*, 605 U.S. at 183.

Defendants argue that vacatur is inappropriate because "[t]here is no good reason to believe that BLM, through a new decision, would elect not to harvest designated timberlands." Def. BLM's Mot. Reconsideration 10, ECF No. 75. Plaintiffs contend, and this Court agrees, that the Court's order of vacatur is not invalid under *Seven County* because "*Seven County*'s judgment rested on NEPA's requirements for agencies—not the adequate remedy for NEPA violations." Pls.' Resp. 9, ECF No. 83.

Defendants overstate the effect of *Seven County* on this case. *Seven County* requires courts to defer to agency decision-making that is "reasonable and reasonably explained." *Seven Cnty.*, 605 U.S. at 185. For the reasons described in the Court's Opinion, BLM's FONSI and subsequent approval of the Blue and Gold Plan are not reasonable or reasonably explained

Page 4 — OPINION AND ORDER

because they did not address the significant presence of old-growth trees in the Plan Area or explain how BLM will comply with standards that require those trees to be retained. The Court's finding that BLM violated NEPA's procedural requirements in approving the Blue and Gold Plan does not interfere with the agency's discretion to return to the drawing board and determine how it will comply with the RMP. *Seven County* does not provide a basis for this Court to reconsider or amend its previous Order.

## II.    Vacatur

As this Court previously acknowledged, "[t]he presumptive remedy for NEPA and APA violations is vacatur and remand." Op. & Order 30 (citing 5 U.S.C. § 706 ("The reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.")); *All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121-22 (9th Cir. 2018); *see also Cal. Cmtys. Against Toxics*, 688 F.3d at 994 ("We have only ordered remand without vacatur in limited circumstances."); *Humane Soc'y v. Locke*, 626 F.3d 104, 1053 n.7 (9th Cir. 2010) ("In rare circumstances, when we deem it advisable that the agency action remain in force until the action can be reconsidered or replaced, we will remand without vacating the agency's action.").

Defendant BLM's bare assertion in its summary judgment motion that "[a]ny errors in the agency's analysis may prove inconsequential and . . . the disruptive consequences of vacatur are likely significant," were insufficient to overcome the APA's presumed remedy of vacatur. Def.'s Cross-Mot. 49-50. Although Defendants make additional arguments now, the Court declines to disturb its final judgment and issue the "extraordinary remedy" of reconsideration. *Kona Enters., Inc.*, 229 F.3d at 890; *see also Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003) (motions for reconsideration may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

Nonetheless, out of consideration for Defendants' requests for clarification, and in the interests of justice and presenting a full record for review, this Court provides clarification as to Defendants' contentions.

Generally, courts "leave an invalid rule in place only when equity demands that we do so." *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015). "When determining whether to leave an agency action in place on remand, [courts] weigh the seriousness of the agency's errors against the disruptive consequences of an interim change that may itself be changed." *Id.* (quotations and citation omitted); *Cal. Cmtys. Against Toxics*, 688 F.3d at 992 ("Whether agency action should be vacated depends on how serious the agency's errors are and the disruptive consequences of an interim change that may itself be changed.") (quotations and citation omitted).

### A.    Seriousness of the Agency's Error

The first factor that courts assess when evaluating whether vacatur is appropriate is the severity of the error. *Id.* at 992. Substantive issues with an agency's decision, as opposed to a failure to comply with procedural rules, are more severe and weigh in favor of vacatur. *Nat'l Fam. Farm Coal. V. U.S. Env't Prot. Agency*, 966 F.3d 893, 929 (9th Cir. 2020).

As described in the Court's Opinion, serious, substantive issues exist with regard to BLM's decision to approve the Blue and Gold Plan, and thus weigh in favor of vacatur. The record in this case reflects that Defendant BLM acknowledged that "[s]tand structure varies throughout the analysis area due to differences in management and disturbance history as well as site characteristics." AR_00527. However, BLM did not identify the existence of individual protected trees or describe how it would ensure compliance with binding guidance that requires their retention. BLM's failure to make a "rational connection between the facts found and the choices made" is a substantive failure in direct conflict with its obligations under FLPMA, as

Page 6 — OPINION AND ORDER

opposed to a mere procedural violation. Op. & Order 24 (quotations and citation omitted). Further, BLM's failure to "consider relevant factors or provide a convincing statement of reasons to support its [FONSI] as to protected old-growth trees" is a fundamental flaw in conflict with BLM's obligations under NEPA. *Id.* at 27. The severity of BLM's errors weighs in favor of vacatur.

## B.    Disruptive Consequences

"In considering whether vacatur is warranted, [courts] must balance the [agency's] errors against the consequences of such a remedy." *Cal. Cmtys. Against Toxics*, 688 F.3d at 993. When assessing the disruptive consequences of vacatur, the court may consider concrete environmental and economic impacts. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 475 (9th Cir. 2010); *Cal Cmtys. Against Toxics*, 688 F.3d at 993-94.

BLM primarily asserts that vacatur will disrupt its ability to meet minimum timber-sale numbers set by Congressional direction. Def.'s Mot. Reconsideration 8 (citations omitted). Defendant argues that "'[t]o meet the minimum ASQ (Allowable Sale Quantity) declaration,' BLM 'needs to harvest timber from the HLB (Harvest Land Base)' in the Blue and Gold Area." *Id.* at 9 (quoting AR_00355). Defendant-Intervenors further contend that vacatur will severely disrupt the "millions of dollars" already invested into the Plan and restrict the possibility of recovering that investment. Def.-Intervenors' Mot. 15. Plaintiffs assert that vacatur is appropriate because it will maintain the "status quo." Pls.' Resp. 13.

The Court's Opinion explained that "[n]otwithstanding the RMP's direction to harvest timber on HLB lands, it also directs BLM to '[m]aintain stand densities . . . to promote stand vigor and health," and retain "all trees that are both ≥ 40" DBH and that the BLM identifies were established prior to 1850." Op. & Order 5. Defendants submit evidence that demonstrates that

vacatur will indeed disrupt work in the Plan Area and could have significant economic effects on the companies performing that work. ECF Nos. 78-81. The Court recognizes and is sympathetic to both the potential economic impacts on those companies and BLM's mandate to harvest the minimum ASQ. However, these harms are insufficient to overcome the real risk of ecological disruption posed by BLM's Plan to harvest those areas without adequately considering the presence of, and ensuring the retention of, ecologically significant old-growth trees. Indeed, the record reflects that those trees, which have grown to their massive size over hundreds of years, provide a critical source of habitat for protected species and other environmentally significant benefits. As the RMP recognized, those trees necessitate protection, and their loss could cause irreparable harm to the environment that BLM is required to prevent. Accordingly, the disruptive consequences of vacatur do not outweigh the seriousness of BLM's substantive errors. The Court maintains its holding that vacatur is the appropriate remedy in this case.

## CONCLUSION

For the reasons discussed above, Defendants' Motions for Relief Under Fed. R. Civ. P. 60 and/or 59(e) (ECF Nos. 75, 77) are DENIED.

DATED this 9th day of July 2026.

_____
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

Page 8 — OPINION AND ORDER